UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS E. FORD

VERSUS                                                                         CIVIL ACTION

LOUIS R. DANIELS, ET AL                                               NUMBER 10-161-JJB-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on March 29, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS E. FORD

VERSUS                                                                  CIVIL ACTION

LOUIS R. DANIELS, ET AL                                NUMBER 10-161-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, a pretrial detainee confined at East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Nineteenth Judicial District Court Judge Louis R. Daniels, Public Defenders Berry Milligan and Rome, East Baton Rouge Parish District Attorney Hillar C. Moore, III and Assistant District Attorney Sue Bernie.  Plaintiff alleged that he is being denied due process in his state criminal court proceedings in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous

only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that he was arraigned on charges of second degree battery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge to which he entered a plea of not guilty. Plaintiff alleged that he was subsequently charged with aggravated cruelty to a juvenile. Plaintiff alleged that the court refuses to allow him to enter a plea of guilty to the initial second degree battery charge in violation of his due process rights. Additionally, the plaintiff alleged that he is being subjected to double jeopardy, he has been prohibited from speaking during court proceedings, he has been required to undergo a court ordered sanity hearing and the court denied his request to represent himself during the criminal proceedings.

Judicial immunity is a question of law which must be determined on the facts of each case. *Brewer v. Blackwell,* 692 F.2d 387, 390-391 (5th Cir. 1982). A judge is immune from suit for damages resulting from an act performed in his judicial role. The immunity shields the judge unless he acts in the clear absence of all jurisdiction over the subject matter, or in a non-judicial capacity. *Brewer v. Blackwell, supra*, at p. 396. *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 999 (1984). The immunity applies however erroneous the act and however evil the motive. *Johnson v. Kegans*, 870 F.2d 992 (5th Cir. 1989) (citing cases).

The Fifth Circuit Court of Appeals established in *Brewer, supra*, a four-part test to determine whether an act is sufficiently judicial to warrant immunity. Applying that test here, it is clear that Judge Daniels is shielded by absolute immunity and should be dismissed as a defendant in this action.

Similarly, the plaintiff's claims against District Attorney Moore and Assistant District Attorney Bernie are subject to dismissal. Prosecutors are cloaked with absolute immunity for actions taken in initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976).

Finally, the plaintiff named as defendants Milligan and Rome, the public defenders appointed to represent him during the state court criminal proceedings.

To the extent the plaintiff's complaint can be read to allege that his counsel committed legal malpractice, the claim may not be pursued through § 1983. An attorney, whether retained or appointed in any proceeding, owes his only duty to his client and not to the public or the state. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981). Because a private attorney's role is independent from the role of the state, any attorney's conduct, by mere representation of his client, is not chargeable to the state. *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974). A private retained attorney does not act under color of state law and cannot be held liable under the Civil Rights Act in the absence of an actionable conspiracy. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be

dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Signed in Baton Rouge, Louisiana, on March 29, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**